Curia, per O’Neall, J.
This was an action of covenant upon the following instrument: “ Georgia, Habersham county. Know all men by these presents, that I, Jesse Moon, have taken from T. W. A. Sumpter, sundry small promissory notes, made by different individuals, as per memorandum exhibited, amounting in all to four hundred and twelve dollars and forty-nine cents; the amount of said notes, when collected, is to be paid over to P. E. Duncan, and any loss which may be incurred in collecting the said notes, viz.: whatever the nett receipts in money to the said Duncan may fall short of the four hundred and twelve dollars and forty-nine cents, such loss is to be equally divided between the said Duncan and myself, or I am to be accountable to the said Duncan for one-half of such nett loss.”
A list of the notes, amounting to four hundred and twelve dollars and forty-nine cents, under which was written an acknowledgment, signed by Sumpter, that he had transferred the same to Moon, and guaranteeing the ultimate payment, was given in evidence. It appeared from the testimony of Wood, that he was present when “ the notes were given to Duncan,” and that he understood they were given to secure a debt Sumpter owed Moon. A very small portion of the notes has been collected: the makers of the residue are insolvent, and so is Sumpter.
Upon this case the Judge below ordered a nonsuit, “ par *333 ticularly on the ground, that Duncan being no party to the covenant, could not maintain an action thereon.”
It is necessary, first, to examine the ground on which the Judge below rested his decision. Generally it may be laid down as a rule, that one for whose benefit a contract is made, may maintain an action upon it. As in the familiar case, where A pays money to B, for the use of C, — there 0 may maintain an action against B, although he may have been at the time of the transaction ignorant of the whole matter. The contract before us, is an express undertaking to pay over the proceeds of notes received from Sumpter, to the plaintiff; and if there should be any loss from a failure to collect the notes, then that Moon would be accountable to the plaintiff for one-half of “ such nett loss.” This, in both its parts, is not only a contract for the benefit of the plaintiff, but is an express covenant to him. How it can be said that he is no party to it, I am at a loss to conceive. For it is for his benefit; it is expressed in words covenanting to him; and it is found in his possession. These facts, to my mind, plainly show that he was a party to it, and Sumpter’s name was only inserted in it to show from whom the notes were received, and thus to aid in identifying them.
But if authority be needed to sustain the plaintiff’s action on this covenant, it will be found in the case of Allen vs. Brazier and Randolph, 2 Bail. 55. That was an action on a covenant entered into by the defendants to Joseph McClintock, whereby they agreed to deliver to McClintock, agent for Allen (the plaintiff,) a certain slave, and failing to deliver the slave, to pay McClintock the, sum of one hundred dollars. The action was brought to recover this sum by way of liquidated damages. The Judge below nonsuited the plaintiff, on the ground that the defendants’ contract was expressly to McClintock. The whole Court of Appeals concurred in setting aside the nonsuit, on the ground that the contract was manifestly intended to be for the benefit of the plaintiff.
On the argument of this case here, the nonsuit has been attempted to be sustained, on the ground that there was no sufficient proof to show to what notes the covenant alluded. The proof, I think, was enough for the -jury and might have satisfied them. The covenant speaks of “sundry small notes” received from Sumpter, “ as per memoran *334 dum exhibited, amounting in all to four hundred and twelve dollars and forty-nine cents.” The list under which is written Sumpter’s acknowledgment and guaranty, corresponds with this description; for it shows that notes were received from Sumpter, that they were for small amounts, and the aggregate is the precise sum mentioned in the covenant. If the proof of identity had here stopped, I should not have felt myself warranted in taking the case from the jury. But a witness, Wood, said he was present when “ the notes were given to Duncan, and that he understood they were given to secure a debt Sumpter owned to Moon.” Erom the words “ the notes” being used in a deposition in which the list of the notes had been proved, I take it that the witness meant to say he was present when the notes mentioned in that list were delivered to Duncan. Looking to the papers, and this testimony alone, we should conclude that he was present when Moon under his covenant delivered the notes to the plaintiff. But I presume from the facts, that Sumpter owed Moon a debt for a negro, that the notes were taken in payment for it, and that Moon and Duncan were to share the loss arising from a failure to collect — that Moon had sold a negro which belonged jointly to himself and Duncan to Sumpter — that Duncan himself received the notes in payment from Sumpter — and that Moon entered into this covenant with him (Duncan) to share the loss, if there should be any, in attempting to collect the notes. This is a fair construction of the proof, and upon it surely the plaintiff is entitled to recover, if he has used due diligence to collect the notes.
B. F. Perry, for the motion.
The motion to set aside the nonsuit is granted.